## A. M. BUIE et al. *v.* T. C. POLLOCK.

**Executors — Decree to Sell Land to Pay Debts.**

Executors of a will, as such, have no such interest in the estate as to permit them to object to a decree of the court to sell land of the testator to pay debts.[1]

**Estoppel — Heirs and Devisees Who Filed a Petition to Sell Land.**

Executors of a will, who are devisees and also heirs of the testator, and who have filed a petition to sell land to pay debts of the decedent, which shows the propriety of sale for that purpose, are estopped to complain of an order to sell at the suit of a creditor.

In October, 1875, A. M. Buie and R. W. Buie, executors of the will of their father, Neil Buie, also legatees, filed a petition in the Chancery Court of Copiah county, making the heirs and devisees of the will parties defendant. The bill sets forth the appointment of petitioners as executors; that in the settlement of the estate a decree was rendered in favor of the executors for $2,726; that T. C. Pollock, as executor of the will of one Calcote,

---

[1] "When any executor or administrator shall discover that the personal property will not be sufficient to pay the debts, he shall present a petition to the courts for the sale of the land of the deceased, or so much of it as may be necessary for the payment of the debts, and it shall be his duty to make out and exhibit to the court, at the time of presenting the petition, a full, just, and true account of the personal estate, and the debts due from the deceased, which petition and account shall be presented at least three months before an order of sale shall be made; and when it is presented, the court shall order citations to issue for all persons interested, residing in the State, and publication to be made, as to all persons residing out of the State, as herein directed; and the citations shall be served upon the parties, or if they be infants, then upon their guardians; and if no guardian has been appointed, the court shall appoint a guardian *ad litem*, who shall attend to the interests of the infants." Code of 1871, § 1148.

"When any executor or administrator shall discover that the personal property will not be sufficient to pay the debts, and expenses, he may file a petition to the court for the sale of the land of the deceased, or so much of it as may be necessary, and exhibit to the court a true account of the personal estate, and debts due from the deceased, and the expenses; and when it is filed, summons shall be issued for all persons interested, residing in the State, and publication be made as to all persons residing out of the State, as

had secured a judgment against petitioners, as executors, for $1,866.20; that a large amount had been expended by petitioners in defending this suit, in paying costs and attorneys' fees, not less than $500, and that there were no assets of the decedent to pay these debts. The prayer was for sale of real estate of the decedent to pay these debts. Nothing further was done in this case until in January, 1880, when these petitioners filed their motion in the Chancery Court to dismiss the former petition. The court overruled the motion, but before this motion was made, in June, 1879, T. C. Pollock, executor of the will of Calcote, filed his petition in said court, setting up that he was a creditor, the amount of the debt, and the judgment, the pendency of the petition of the executors of Neil Buie to sell land to pay debts, praying that the executors be summoned to show cause why they did not proceed with their petition to sell the land to pay the debts. The executors, A. M. and R. W. Buie, appeared and demurred to this petition. The demurrer was overruled, and they declined to proceed any further in the cause, and a final decree was rendered for the sale of the land described in the original petition to pay the debts. From that decree the executors, A. M. and R. W. Buie, appeal.

APPEALED from Chancery Court, Copiah county, E. G. PEYTON, Chancellor.

Affirmed, March 19, 1883.

directed in this act." Code of 1880, § 2039. See also Code of 1892, § 1893, and Code of 1906, § 2068.

"Any creditor of the decedent, who has procured his claim against the estate to be registered, shall have the right to file a petition, as the executor or administrator may, for the sale of land or personal property of the decedent, for the payment of debts, and in such case the executor or administrator, and all such as are required to be summoned, when the application is made by the executor or administrator, shall be summoned to answer such petition; and the court shall hear and decide upon such petition, and decree as if the application had been made by the executor or administrator; and may order the executor or administrator to make the sale, as in other cases, or may appoint a commissioner to make the sale, and require a bond of such commissioner, as in other cases; and if the estate be discovered to be insolvent, on such proceedings, it shall thereupon be dealt with as provided for in case of solvency. Code of 1880, §2047; Code of 1892, § 1895; Code of 1906, § 2070.

*Attorneys for appellant, Sessions & Cassedy.*

*Attorney for appellee, H. B. Mayes.*

Brief of Sessions & Cassedy:

* * * The right to subject land to the payment of debts is purely statutory, and it descends to the heirs or devisees, subject only to the right to have it sold in the manner prescribed by the statute.

By the Code of 1871, then in force, the executor or administrator must apply, conduct the proceedings to a conclusion, and sell as therein prescribed. Code 1871, § 1148.

If the administrator or executor declined or refused to proceed, the remedy was by removal and revocation of his letters.

In 1876, however, this section of the Code was amended (see Acts of 1876, p. 187, § 25) so as to authorize any creditor who had proved his claim to file a petition for the sale of the land, "making the administrator or executor, and all parties interested as heirs or devisees, defendants, in which case, should a sale be ordered, the same may be made by a commissioner appointed for that purpose."

We insist, first, that the executor had the right, either in term time or vacation, to dismiss his petition at his costs, and that he could not be prevented from doing so by the objection of a person (Pollock) not a party to the suit; and, second, that if the court had a right to decline to permit the dismissal of his suit, that then the executor alone was authorized to conduct it to a conclusion, and a stranger (although a creditor) could not do so. In fact, however, this was not done, as the record discloses, the final decree for the sale of the land having been rendered on the petition filed in 1879 by Pollock.

To this petition of Pollock's, the demurrer of A. M. and R. W. Buie (the only defendants thereto) was surely good, because the "heirs and devisees and all persons interested" were not made parties (other devisees being disclosed by the petition of Pollock), as required by section 25 of the Acts of 1876, p. 187, and for other reasons given in the causes for demurrer, as hereinbefore set forth. It was proper enough, we concede, for Pollock to proceed as a creditor who had "established his debt" and in his petition for the sale to obtain a decree, had he brought in the proper par-

ties, given a description of the land, filed a schedule of debts and assets, and concluded with a proper prayer. We find none of these things in Pollock's petition of 1879. So it was not proper to proceed to final decree on Pollock's petition. And, inasmuch as Buie, as executor, declined to proceed after his motion to dismiss, it was not competent for a creditor or any one to assume charge of his suit, make affidavit for, and have publication for non-resident heirs who had been admitted (which was done), and proceed to final decree in the name of the executors, because the statute gives this right exclusively to the executor—except in certain cases—by a creditor on his own account, which, we have shown, was not legally done, because of lack of parties, etc., to his petition. That these proceedings must be strictly in pursuance of and by authority of the statute is shown by the case of Hargrove *v.* Baskin, Admx., 50 Miss. 194, to which the attention of the court is called.

It is true, as Pollock asserts in his petition, that the litigation in this case (in the different forms) has been protracted, but appellant will not be prejudiced here by any such suggestions.

Brief of H. B. Mayes:

In Hargrove *v.* Baskin, 50 Miss., p. 199, decided April term, 1874, will be found this language: "The right of the Chancery Court to entertain a suit to sell lands to pay the creditors of a decedent is purely statutory, and must be invoked by the personal representative, who, in the estimation of the law, *is the trustee of the creditors,* and under an official duty to interpose in their behalf whenever the contingency arises. For any failure or omission of duty in this behalf, he is answerable, upon the suggestion of a creditor, to the Chancery Court."

The petition of Pollock is a suggestion to the court that the executors of Buie have been guilty of an omission of duty, and he prays the court that they may be required to proceed in the discharge of that duty, or show cause why Pollock should not proceed according to law to sell said lands for payment of debts.

In response to the process executed on them, the Buies appeared and demurred. The first cause of demurrer was properly overruled. The petition of Pollock was not a petition to sell, but that the executors of Buie be required to proceed with their petition to sell, which the heirs and devisees had been summoned

to answer, or that said executors show cause why Pollock should not proceed to sell according to law.

The second cause was properly overruled, because the petition of Pollock was but a suggestion to the court of the necessity of compelling the Buies' to proceed in the execution of their trust, or of substituting another trustee to protect creditors.

The third cause was properly overruled, because the single object of the petition was to provide for the sale of the lands for payment of debts.

The demurrer being overruled, the Buies', on petition, move to dismiss their petition for sale of lands:

First. As they allege in their petition, because Pollock has sued on their bond.

Second. Because there was pending a suit by Pollock against them to subject certain of their lands as assets.

Third. Because they are advised that the judgment of the Supreme Court in 1875 against them and for Pollock is void. No evidence was offered to sustain the first and second causes, and, I presume, the judgment of the Supreme Court may be held conclusive of the indebtedness of their testator.

If the first and second causes above were sustained by evidence in this case, the heirs and legatees of Neil Buie, deceased, cannot object to a sale of the lands that the creditor has not exhausted his remedy on the bond, because, as to them, there has been no *devastavit*. The petition of the executors for the sale of the lands, and the other evidence furnished by the record, shows that the entire estate of Neil Buie, deceased, was parcelled between the executors and the remaining heirs and legatees; as to these parties, there was no *devastavit*, they having given refunding bonds on distribution of the personal property, which was made without regard to creditors within three months after grant of letters to the executors of Buie. They cannot defend a proceeding to sell the lands, alleging a *devastavit*, when they have parcelled among themselves the entire property, both personal and real, nor defeat a sale by pointing to a pending suit on the bond, when they hold the property, which they should surrender in exoneration of the executors and sureties on their bond; nor these executors decline to proceed because of such suit, if, in fact, pending.

This motion having been overruled, it devolved on the court to

see that those executors performed their duty. On looking into the record, it appeared that the heirs within this State-had been. duly cited, and publication made as to non-residents, command-ing them to appear and answer the petition of the executors for. sale of lands, etc.

The court, however, not being satisfied with the allegations of non-residents contained in the petition of the executors of Buie, because they do not allege that, after diligent inquiry, their post-offices were not ascertained; and, these executors refusing to prose-cute their petition, on affidavit, made in open court, the 14th day of July, 1881, by the attorney of Pollock, as directed in case of publication to non-residents, the court made another order of pub-lication, and publication was duly made to the non-residents to appear and answer the petition of A. M. and R. W. Buie, ex-ecutors, for the sale of lands.

On the 10th day of January, 1882, the demurrer of the ex-ecutors of Neil Buie to the petition of Pollock having been over-ruled, as also their motion to dismiss their petition for sale of lands, and they having refused to answer the petition of Pollock or proceed with their petition for sale, a *pro confesso* as to Pol-lock's petition was taken against them.

The court, then, on the suggestion of Pollock, after looking into the evidence which appears in the record, rendered the decree, which will be seen by reference. This decree is not only author-ized by the statute, but was made necessary by the conduct of the executors of Buie to secure the creditor, without further needless delay, his debt. Acts 1876, p. 187, § 25; Code 1880, p. 560, §§ 2047-8; Hargrave *v.* Baskin, 50 Miss. 199.

The attorney's fees and commissions were properly rejected as a charge on the land. Code 1871, §§ 233-4; Code 1880. §§ 2377-8; Hollman *v.* Bennett, 44 Miss. 322.

The executors of Buie are heirs and legatees also, and since 1875, instead of regarding their trust as executors, have baffled. and delayed, by every practical means, the creditor of his de-mands.

OPINION.—CAMPBELL, C. J.:

The appellants, as executors, are not aggrieved by the decree to sell the lands, and, as devisees or heirs, they cannot be heard to complain of it, because their petition to sell shows the pro-

priety of an order to sell. Although Pollock, as a creditor, might have petitioned for the sale of the land directly, as provided by the statute, we are not prepared to say that the chancellor was not right in refusing to permit the executors to dismiss their proceeding. They cannot complain of it, and they alone appealed.

*Decree affirmed.*